The Honorable Jim Argue, Jr. State Representative 5905 Forest Place # 210 Little Rock, Arkansas 72207-5245
Dear Representative Argue:
This is in response to your request for an opinion on whether the General Assembly, in a proposed bill to provide for the calling of a constitutional convention and the election of nonpartisan delegates to the convention, may require these two issues to be placed on the preferential primary election ballots.
It is my opinion that the answer to your question is "no."
Two sources of authority, in my opinion, compel this result. The first is an Arkansas Supreme Court case. In Mears v. City of Little Rock,256 Ark. 359, 508 S.W.2d 750 (1974), the court was faced with the validity of a statute passed by the General Assembly concerning the election of city directors in cities with the "city management" form of government. The statute provided that such directors were to be elected on a nonpartisan basis at the preferential primary election, and if runoffs were necessary, they would be held at the general primary election. The court invalidated the statute, stating the following:
 . . . though the statute provides that the Directors shall be elected by a nonpartisan vote, the election itself, under the amended statute, would be held at the Democratic and Republican primaries. Accordingly, we would have persons being voted on at these primary elections who were not required to conform with party regulations. Both the Democratic and Republican primaries would have to be utilized; it would appear that the total number of votes would be ascertained by adding the total vote received by persons in the Democratic primary to the total vote received by persons in the Republican primary, and the same procedure would be followed in case of a run-off. It is even possible that one of the parties would have to conduct a primary where no party candidates were involved, simply as a matter of conducting a run-off election for nonpartisan candidates.
 However, though provisions mentioned would seem difficult to carry out, the principal, and controlling, aspect of the litigation is that, under the provisions of the statute, many qualified voters would be disenfranchised; this, for the reason that hundreds and hundreds of voters consider themselves independents and do not participate in party primaries; not only that, but others, who might belong to a third political party, which held no primary election, would also be disenfranchised. In other words, thousands of citizens who are qualified to vote under the provisions of Amendment 51 (Voter Registration Act) to the Constitution of Arkansas could be deprived, under the provisions of Act 168, of the privilege of casting their ballots. We need say no more to establish that the act is invalid.
256 Ark. at 361-362.
It is my opinion, in light of the language above, that the Arkansas Supreme Court would similarly invalidate an election to elect nonpartisan constitutional convention delegates at a preferential primary election.
This result also appears to be compelled by A.C.A. § 7-7-306 (Supp. 1995), which provides that: "At each primary election each county board of election commissioners shall furnish separate ballots for each political party containing only the names of persons seeking offices to be voted upon as a nominee or candidate of that political party." This provision would appear to prohibit the inclusion of nonpartisan candidates on a primary ballot.
It is therefore my opinion that the answer to your question is "no."
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh